**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TABITHA LYNN SUMMERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:14-cv-00173** |
| | ) | **Judge Sharp** |
| **v.** | ) | |
| | ) | |
| **WILLIAMSON COUNTY JAIL and** | ) | |
| **SHERIFF JEFF LONG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

The plaintiff, Tabitha Lynn Summers, an inmate at the Tennessee Prison for Women in Nashville, Tennessee, brings this *pro se, in forma pauperis* action purporting to assert claims for civil rights violations under 42 U.S.C. § 1983. (Docket No. 1). Her complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.     FACTUAL ALLEGATIONS**

The plaintiff's complaint chronicles a number of events that allegedly occurred while the plaintiff was incarcerated at the Williamson County Jail in 2013. Generally, the complaint alleges that the plaintiff intentionally was deprived of needed hygiene items such as undergarments, soap, and sanitary napkins. The complaint also alleges that the plaintiff was provided with inadequate medical treatment and mental health care and, as a result, the plaintiff's physical and mental health deteriorated while she was incarcerated at the Williamson County Jail. The complaint claims that guards treated the plaintiff with excessive force on more than one occasion. The complaint further claims that guards were opening and reading the plaintiff's outgoing mail. (Docket No. 1 at pp. 5-39). The plaintiff has since been transferred to the Tennessee Prison for Women. (Docket No. 5).

1

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings

drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.   ANALYSIS

The plaintiff seeks relief pursuant to § 1983.   To state a claim under § 1983, the plaintiff must allege and show:  (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).  Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

First, the plaintiff's complaint names as a defendant the Williamson County Jail.  However, the Williamson County Jail, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Williamson County Jail.

Next, the complaint names Williamson County Sheriff Jeff Long as a defendant (Docket No. 1 at p. 4) and alleges that Sheriff Long failed to respond to grievances mailed to him by the plaintiff.

Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6ᵗʰ Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7ᵗʰ Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4ᵗʰ Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8ᵗʰ Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's assertions that Sheriff Long failed to respond to the plaintiff's grievances do not state a claim under the First Amendment.

The complaint does not identify any other actions Sheriff Long allegedly took that might have given rise to the plaintiff's claims against him. A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Because the plaintiff's allegations fail to otherwise show Sheriff Long was personally involved in the acts about which the plaintiff complains, the court must dismiss the Section 1983 claims against Sheriff Long for failure to state claims upon which relief can be granted.

Although the plaintiff does not list any other individuals in the "Defendant" section of the complaint (see Docket No. 1 at p. 5), the plaintiff identifies by name a number of individuals who allegedly violated her constitutional and civil rights while she was incarcerated at the Williamson County Jail: Deputy f/n/u Teague, Col. f/n/u Pater, Sgt. f/n/u Self, Staff Sgt. f/n/u Vandenbousch, Deputy Pamela Oliveri, Cpl. f/n/u Bivons, Nurse practitioner Deborah l/n/u, Sgt. f/n/u Roberts, and

Cpl. f/n/u Goodwin.   (Docket No. 1 at pp. 7-39).

Generally speaking, an inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the claims against him or her.  Given the instant plaintiff's admitted mental health issues, her *pro se* status, and the specificity with which she details dates, events, alleged perpetrators, and the ways in which each perpetrator allegedly violated her constitutional rights, the court construes the plaintiff's complaint to allege additional claims against Deputy f/n/u Teague, Col. f/n/u Pater, Sgt. f/n/u Self, Staff Sgt. f/n/u Vandenbousch, Deputy Pamela Oliveri, Cpl. f/n/u Bivons, Nurse practitioner Deborah l/n/u, Sgt. f/n/u Roberts, and Cpl. f/n/u Goodwin.

Although it is unclear whether the plaintiff ultimately can prevail on claims against these defendants, the court finds that the plaintiff's complaint has sufficiently stated colorable claims under the First (interference with outgoing mail), Fourth (excessive force), and Eighth Amendments (conditions of confinement; inadequate medical and mental health care) to the United States Constitution through 42 U.S.C. § 1983 against those defendants.

IV.   **CONCLUSION**

For these reasons, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to defendants Williamson County Jail and Sheriff Jeff Long.  28 U.S.C. § 1915A.  The plaintiff's claims against those defendants therefore will be dismissed.  However, the court construes the plaintiff's *pro se* complaint to allege claims against additional defendants, and the Clerk will be directed to add those individuals as defendants to this action. Furthermore, the court finds that the plaintiff's First, Fourth, and Eighth Amendment claims against Deputy f/n/u Teague, Col. f/n/u Pater, Sgt. f/n/u Self, Staff Sgt. f/n/u Vandenbousch, Deputy

5

Pamela Oliveri, Cpl. f/n/u Bivons, Nurse practitioner Deborah l/n/u, Sgt. f/n/u Roberts, and Cpl.

f/n/u Goodwin survive this required initial screening.

      An appropriate order shall follow.

                    _Kevin H. Sharp_

                    Kevin H. Sharp
                    United States District Judge