UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TABITHA LYNN SUMMERS,        )
                             )
        Plaintiff            )
                             )    No. 3:14-0173
v.                           )    Chief Judge Sharp/Bryant
                             )
TIFFANY TEAGUE, *et al.*,    )
                             )
        Defendants           )

**TO:   THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Defendants Vandenbousch, Roberts, Pater, and Oliveri have filed their respective motions for summary judgment (Docket Entry Nos. 26, 29, 31 and 33). Plaintiff Summers has filed a response in opposition (Docket Entry No. 41). The moving Defendants filed a reply (Docket Entry No. 44) and Plaintiff Summers filed a response to Defendants' reply (Docket Entry No. 45).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendants' motions for summary judgment be granted.

## STATEMENT OF THE CASE

Plaintiff Summers, who is proceeding *pro se* and *in forma pauperis*, has filed her civil rights complaint based upon events that allegedly occurred during her confinement at the Williamson County Jail between May 27, 2013, and February 24, 2014. During this period Plaintiff Summers was confined on a charge of violating her probation. Defendants Vandenbousch, Roberts, Pater, and Oliveri were employed at the jail at officers of the Williamson County

Sheriff's Department. Plaintiff Summers claims that the events alleged in her complaint constituted cruel and unusual punishment violating her rights under the Eighth Amendment of the U.S. Constitution. She seeks damages pursuant to 42 U.S.C. § 1983 (Docket Entry No. 11).

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party

shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

The Eighth Amendment of the U.S. Constitution prohibits "cruel and unusual punishment." Although Plaintiff Summers on this occasion was being held on a charge of violating the terms of her probation, claims of pretrial detainees are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *Villegas v. Metropolitan Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). The Supreme Court has held that "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992). To prevail on a Eighth Amendment conditions-of-confinement claim, a plaintiff must prove both an objective and a subjective component. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013). Subjectively, the deprivation or force must be applied maliciously or sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 7. The deprivation must objectively be serious enough to "result in

3

the denial of 'the minimal civilized measure of life's necessities'." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

<u>Defendants Vandenbousch and Oliveri</u>. Plaintiff alleges that Defendant Vandenbousch, identified as a Staff Sergeant, violated her constitutional rights in August 2013 by ordering that Plaintiff be deprived of all her belongings, including clothes, bedding and hygiene materials (Docket Entry No. 1 at 7-14). In his affidavit, Defendant Vandenbousch states that in August 2013, Plaintiff Summers "exhibited increasingly erratic behavior" including refusing her psychiatric medication, destroying items issued to her, throwing trash on the floor of her cell, refusing deputies' requests to clean her cell, and refusing to wear clothing (Docket Entry No. 35-8 at 2). Because of this erratic and destructive behavior, Plaintiff Summers was placed on security status on August 19, 2013. Defendant Vandenbousch directed deputies to place Plaintiff Summers in a security suit and to remove all personal items from her cell (*Id.*). Plaintiff Summers remained on this security status from August 19 until August 22, 2013. During this period, for her own safety and security, Plaintiff's access to items in her cell was limited. Although Plaintiff in her complaint alleges that Defendant Oliveri, one of the female deputies, denied her toilet paper for feminine hygiene purposes on occasion during this four-day period, Plaintiff concedes that she was permitted to take showers and provided clean security suits by jail employees on other shifts during this period (Docket Entry No. 1 at 9-13).

4

To establish an Eighth Amendment conditions-of-confinement claim, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of a violation of a prisoner's Eighth Amendment rights. *Maston v. Montgomery County Jail Medical Staff Personnel*, 832 F. Supp. 2d 846 (S.D. Ohio 2011). In consideration of the admissions made by Plaintiff in her complaint and the affidavit testimonies of the Defendants (Docket Entry Nos. 35-2, -3, -6, and -8) the undersigned Magistrate Judge finds that the temporary deprivation of Plaintiff's personal items, including certain hygiene products, during the period from August 19 to August 22, 2013, is such that no reasonable jury could find that such deprivation constituted a violation of Plaintiff's rights under the Eighth Amendment. Therefore, such claims against Defendant Vandenbousch and Defendant Oliveri should be dismissed.

<u>Defendant Roberts</u>. Plaintiff alleges that on or about November 1, 2013, she "did become suicidal again and very depressed" (Docket Entry No. 1 at 24). She was placed upon suicide watch by the Defendants and was taken to Middle Tennessee Mental Health Institute for evaluation and thereafter returned to the Williamson County Jail. Upon returning to the jail, Plaintiff alleges that she "had already started hitting [her] head again on the walls and table" (*Id*. at 25). Several deputies, including Defendant Roberts, responded by removing Plaintiff from her cell and placing her into a restraint chair. Two hours later when the

deputies released her from the restraint chair and attempted to stand her up, she intentionally "busted [her] head into the table in front of Pod 508" (Docket Entry No. 1 at 26). Plaintiff alleges that Defendant Roberts "jerked my arms from behind" and "slings me down back into the restraint chair and grabs my head calling me a dumbass and turning my head with pressure and force to the left side" (*Id.*).

In his affidavit, Defendant Roberts states that he had been sent to the female pod of the detention facility to assist in removing Plaintiff Summers from the restraint chair (Docket Entry No. 35-2 at 1). Summers had been placed in the restraint chair in order to prevent her self harm. Assisted by two officers, Defendant Roberts removed Plaintiff's restraints and assisted her to her feet. Summers then suddenly attempted to pull away from the deputies and began banging her head very violently against a nearby table (*Id.* at 2). Defendant Roberts testifies that he approached Plaintiff from the back, took hold of her shoulders and placed her back in the restraint chair. He states that she continued to resist and that he used only that force necessary to place her back in the restraint chair and to prevent her from causing further harm to herself. He states that he held her head to the side so that she could not bite, spit, or otherwise use her head to strike at the other officers as they reapplied her restraints. Roberts testified that Plaintiff "remained agitated, screaming and telling me to break her neck," and that once Plaintiff was securely back in the

6

chair medical personnel examined her circulation and her restraints to be sure that they were not unduly tight. Plaintiff was thereafter transported to the Williamson Medical Center for evaluation for possible transfer to the Middle Tennessee Mental Health Institute (*Id.*).

In support of their motions for summary judgment, Defendants have filed 13 audio visual recordings of many of the events described in Plaintiff's complaint. The undersigned Magistrate Judge has reviewed all of these audio visual recordings, including the one that records the event involving Defendant Roberts. Although some of the video images are dark and not of good quality, the undersigned Magistrate Judge finds that from this evidence no reasonable jury could conclude that Defendants' treatment of Plaintiff Summers was done maliciously or sadistically in an effort to cause her harm, or that the discomfort inflicted upon Plaintiff was sufficiently serious to constitute a constitutional violation, when considered in the context of contemporary standards of decency. *Hudson v. McMillan*, 503 U.S. 1, 7 (1992); *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). For these reasons, the undersigned finds that the claims against Defendant Roberts should be dismissed.

<u>Defendant Pater</u>. The complaint fails to contain any allegation of wrongdoing against Defendant Pater. Plaintiff does allege that on August 19, 2013, she asked Defendant Pater and Deputy Teague why her belongings were being taken from her, and

7

that Pater and the others "responded it was per order of Staff Sergeant Vandenbousch" (Docket Entry No. 1 at 8). In the absence of any specific claim against Defendant Pater, the undersigned finds that the complaint against her should be dismissed.

As a general statement, both from the allegations in Plaintiff's complaint and from the evidence in the record, it is clear that during Plaintiff's confinement at the Williamson County Jail she was suffering from serious mental health problems. In the audio visual recordings filed in this record, Plaintiff Summers can be heard on multiple occasions stating "I will kill myself;" "I want to die;" "I don't want to live;" "I deserve to die and I'm going to kill myself;" and "I'm sick and tired of my life." As the Plaintiff's complaint and the affidavits of Defendants confirm, Plaintiff was seen on multiple occasions by medical personnel in the jail and was also transported for evaluation on multiple occasions both to the emergency room of Williamson Medical Center and Middle Tennessee Mental Health Institute. As the audio visual recordings reveal, Plaintiff frequently refused to take her psychiatric medication and was uncooperative and resistant to efforts by the Defendant deputies to manage her outbursts and frequent attempts to injure herself in the jail.

For the reasons stated above, the undersigned Magistrate Judge finds that the motions for summary judgment filed on behalf of Defendants Vandenbousch, Roberts, Pater, and Oliveri (Docket Entry Nos. 26, 29, 31 and 33) should be granted.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that the motions for summary judgment on behalf of Defendants Vandenbousch, Roberts, Pater, and Oliveri should be granted and the claims against them dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 14th day of September, 2015.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge